CHARLES W. EMANS, AS EXECUTOR, ETC., OF JAMES E. PURDY, DECEASED, APPELLANT, v. MARTHA HICKMAN AND EBEN PURDY, RESPONDENTS.

*Will — construction of — funeral expenses and monument — amount of.*

The plaintiff brought this action to obtain a construction of the following clause in his testator's will: " To my executor all money in my possession, all money due from any source or sources whatever, and all property of every kind or description held by me for my funeral expenses and the erection of a monument to my memory in the Purdy yard, in Phillipstown, Putnam county." The estate amounted to $1,200. The court decided that the testator did not intend to expend all his estate for funeral expenses and the erection of a monument to his memory, but only so much as would be suitable to his condition of life; fixed this amount at $150 and directed that the balance should be distributed among the heirs at law of said testator as in cases of intestacy. *Held*, that the judgment was correct and should be affirmed.

APPEAL from a judgment entered upon the trial of this action by the court without a jury.

The action was brought to obtain a construction of the will of the plaintiff's testator. The court found:

That James Purdy died April 10, 1876, leaving a last will and testament which has been duly proved and admitted to probate by the surrogate of Dutchess county, and that the plaintiff is the sole executor thereof and that the defendants are the heirs at law of said testator.

That the only disposition which the said testator made in said will of his estate was as follows: "To my executor all money in my possession, all money due from any source or sources whatever and all property of every kind and description held by me for my funeral expenses and the erection of a monument to my memory in the Purdy yard, in Phillipstown, Putnam county."

That the estate of the said testator amounted to about $1,200.

And as conclusions of law:

That said testator did not intend to expend all of his estate for funeral expenses and the erection of a monument to his memory.

That said testator intended only as much of said estate to be expended for funeral expenses and the erection of a monument to his memory as would be suitable to his condition of life, and that the balance of said estate should go to his heirs at law.

That the sum of $150 was a sufficient sum to be expended for said monument, and that sum was fixed as the limit thereof.

That, after the expenditure of such sum for said monument and the payment of reasonable funeral expenses, the balance of said estate, after the payment of expenses and commissions, belonged and was to be distributed among the heirs at law of said testator as in cases of intestacy.

*Hackett & Williams*, for the appellant.

*J. Harvey Cook*, for the respondents.

GILBERT, J.:

The testator gave all his property of every kind and description to his executor, for a purpose plainly expressed, and which the executor is bound to carry out, namely, for his funeral expenses and the erection of a monument to his memory. The will contains no direction to the executor to expend the whole of his estate for those purposes, nor does it contain any limitation of the discretion vested in the executor on that subject. In most wills that are made a similar discretion is vested in executors. The amount which an executor may expend for the purposes expressed in this will, depends upon the question, what would be a reasonable allowance in his administration account under the circumstances? What

is reasonable in a particular case, will depend on the age, standing, property and habits of life of the deceased and many other circumstances difficult to enumerate. Tombstones form a part of funeral expenses. (*Wood* v . *Vandenburgh*, 6 Paige, 277; Fairman's Appeal, 30 Conn., 205.) But, in *Springsleen* 'v. *Samson* (32 N. Y., 703–714) administrators had been allowed $285 for a monument, and the Court of Appeals modified the decree by striking out such allowance. That decision, however, does not apply to this case because the will expressly directs some expenditure to be made for a monument.

No doubt it was competent for the testator to direct that the whole estate should be spent for his funeral expenses and a monument. The question is whether the will manifests that intention. The language of the will is no more indicative of an intent that his executor should expend any particular sum for those purposes, than similar language in other wills, where the rule limiting such expenditures, which has been mentioned, was applied. The testator will be presumed to have understood the rule of law regulating the powers and duties of executors on this subject, and as he expressed no wish that his executor should depart from that rule, it should be applied to him. Where no bounds to the discretion of a trustee or executor, in a case like this, have been declared, the court may fix a limitation in accordance with justice. The limitation imposed in this case may seem an arbitrary one, but as it is not shown that any creditor of the testator will be injured by the decree, and the heirs of the testator, all of whom are parties to the action, assent to it, we think it ought to be affirmed with costs to the respective parties to be paid out of the fund.

DYKMAN, J. :

This is an action for the construction of a will. The only disposition made by the testator of his property is contained in the following clause : " To my executors all money in my possession, all money due from any source or sources whatever, and all property of every kind or description held by me for my funeral expenses and the erection of a monument to my memory in the Purdy yard, in Phillipstown, Putnam county."

The testator left an estate of about $1,200, and the question is,

whether he intended to have it all expended in funeral expenses and in erecting a monument to his memory. We do not think he did. We do not think the testator aspired to such a funeral or such a monument. He was a man in the plain walks of life and wanted to provide for a decent burial and a suitable monument in a favorite church yard. This is the construction which this will ought to receive in the light of all surrounding circumstances, and gives the true intent of the testator.

This does not make a new will, as the appellant has it. but determines the meaning and intention of the will made by the testator. It is in favor of this construction that it makes a wise disposition of the property, and does not convict the testator of the absolute folly of a ridiculous expenditure for his funeral and monument.

The judgment must be affirmed and the costs of the appeal must be paid by the appellant personally.

BARNARD, P. J., not sitting.

Judgment affirmed, with costs, to be paid by executor personally.